## Charles *v.* Stickney.

*Statutory Proceeding by Legatee against Executor for Payment of Legacy.*

*Construction of will conferring on executor power to sell and reinvest property, as affecting vesting of legacies, and legatee's right to recover.*— Where a testator directed the whole of his property, real and personal, to be equally divided between his wife and children, and to be kept together by his executor and executrix during the widowhood of his wife, or until his children became of age or married, "and then, and not till then, dividends to take place as often as they become of age or marry;" bequeathing to his daughters that portion of his personal property which they might "inherit upon a dividend, to them and their heirs forever;" and giving to his executor and executrix a discretionary power to sell any property, and reinvest the proceeds in other property, for the benefit of his wife and children; *held,* that the legacies to the children vested in them the absolute title, and not in the executor as trustee for them; and that the executor could not, after the death of the widow and executrix, and after the lapse of eighteen months from the grant of letters testamentary, successfully resist an application by a legatee of mature age for the recovery of her legacy, on account of said discretionary power to sell and reinvest.

APPEAL from the Probate Court of Hale.

J. J. GARRETT, for appellant.

A. B. PITTMAN, *contra.*

PETERS, C. J. — This is an application to the judge of probate of Hale county, to compel the payment of a legacy to the petitioner, Miss Harriet Charles, a daughter of the testator. The proceeding is under our statute, which confers this authority upon the court. This statute is in these words: "After the expiration of eighteen months from the grant of letters testamentary, or of administration with the will annexed, if there are more than sufficient assets in the hands of such executor or administrator to pay the debts of the deceased, any legatee may apply to the probate court of the county in which letters were granted, to compel the payment of such legacy." Rev. Code, § 2098. "The application must set forth the claim of the applicant; must allege a sufficiency of assets in the hands of such executor or administrator to pay the same, after discharging the debts of, charges on, and other legacies entitled to priority from such estate." Rev.

[Charles v. Stickney.]

Code, § 2099. The application in this case fully complies with all the requisitions of this statute. Its allegations of facts are not denied, but are admitted by demurrer. The executor was duly served with notice of the proceeding, and came into court, and answered the petition by the demurrer. This demurrer is founded wholly upon the construction of the will of the testator. It was sustained, and a judgment of the court was rendered, dismissing the petition. From this judgment the petitioner appeals to this court, and here she assigns the judgment on the demurrer as error.

So much of the will as it is necessary to consider in this opinion is in these words : " I desire that the whole of my property, both real and personal, may be equally divided between my beloved wife, Harriet J. Charles, and our children.

" *Secondly.* I desire that an inventory of my property may be taken, but there shall not be made, as usual, public sale of the same ; but that my property may remain together during the widowhood of my wife, or until my children become of mature age or marry ; and then, and not till then, dividends to take place as often as they become of age or marry. I leave it discretionary with my executrix or executor, by and with each other's consent, to sell any part of my estate, either real or personal, and to purchase again such other property as to them may appear proper for the comfort of my wife and the benefit of my children. I give and bequeath that portion of my personal property which my daughters inherit upon a dividend, to them and their lawful heirs forever."

This will is dated the 20th day of May, 1858 ; and the wife of the testator, Mrs. Harriet J. Charles, and the appellee, Charles L. Stickney, were appointed executrix and executor of said will. After commencing the administration of said testator's estate under said will, Mrs. Charles died, and left Stickney sole surviving executor ; and he resists the payment of the legacy demanded, on four grounds : " (1.) Because said interest of petitioner in the estate of John L. Charles, under said will, is not such an interest or legacy as is contemplated by the statute authorizing proceedings of this character to compel the payment of legacies. (2.) Because the property claimed is not held by said defendant, as executor of John L. Charles, but in the capacity of trustee under the appointment of said will. (3.) Because the said will imposes the duty of keeping said estate together, and of selling such part of said estate, real or personal, and of purchasing again other property by the executors, as may seem best to them, in the manner therein prescribed, and of making the dividends in the manner and at the time therein indicated, as a personal and confidential trust, and not as an executorial duty. (4.) Because

[Charles *v.* Stickney.]

said will shows that said defendant is 'not liable to such proceedings as petitioner seeks to have maintained by her said petition."

The language of the will is not wholly free from doubt; but, taking the direction fixing the shares of the legatees, which makes these *equal dividends* between the wife of the testator and his children, and the language by which the title is vested in the daughters, which is, " I give and bequeath that portion of my personal property which my daughters inherit upon a dividend, to them and their lawful heirs forever," I am unable to come to a satisfactory conclusion, that it was the intention of the testator to give the property intended for his children to his executrix and executor in trust, to be held by them as trustees, and not directly to the children. And without this construction, the demurrer should have been overruled. Besides, the testator fixes a time at which the legacies given by his will were to vest in the legatees. This occurred upon the termination of the widowhood of his wife, which ended at her death, as soon as his " children became of mature age or married." And this period is not to be delayed until all the children became of mature age, or all married, because the " dividends " are " to take place as often " as the testator's children " became of age or married." The word " often " implies a repetition of the act of division, and this could not be if the dividends were all intended to be ascertained at the same time. Besides, I would be exceedingly reluctant to follow any doubtful exposition of the language of the will, which would enable the executrix and executor to hold the property that the father intended for his children or legatees, under an irresponsible trusteeship, without security, instead of as representatives of the deceased under the will, in the character of executrix and executor, in which the rights of the legatees could be secured, and should be secured by proper bond. Here, the will does not exempt the executrix and executor named therein from giving bond. When this is not done, they cannot administer the estate without it. Rev. Code, §§ 2005, 2003, 2004. This tends to show that it was the purpose of the testator to have his estate administered under the securities afforded by our law of administrations, and not as a mere trust estate. In such a case, I would hesitate long before I would infer a trust from the language used, unless the purposes of the will could not be otherwise carried into effect. The power to sell and reinvest, given in the will, does not authorize the surviving executor to invest the funds of the legatee in his hands, when no sale is required. It is not a general power to invest the legatee's estate given by the will, or to hold on to it for that purpose. This is the proposition of the demurrer, and it

[Morgan v. Morgan's Administrator.]

cannot be sustained. The demurrer should, therefore, have been overruled. The court erred in sustaining it.

The judgment of the court below is reversed, and the cause is remanded for further proceedings, in conformity with this opinion. The appellee will pay the costs of this appeal in this court, and in the court below, out of the funds of the estate of said John L. Charles, deceased, in his hands to be administered.